```
                                    FILED
                              U.S. DISTRICT COURT
                            EASTERN DISTRICT OF LA

                              2005 FEB -4  PM 3:39

                                LORETTA G. WHYTE
                                     CLERK
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| SALLYANN J. ARMEL | CIVIL ACTION NO.: 05-0327 |
|---|---|
| VS. | SECTION: |
| SUN LIFE ASSURANCE COMPANY OF CANADA | JUDGE:<br>Magistrate: |

SECT. T MAG. 3

### COMPLAINT FOR DISABILITY INSURANCE BENEFITS

The complaint of petitioner, Sallyann J. Armel, who with respect avers the following:

### PARTIES

1.

Petitioner, Sallyann J. Armel, is a natural person of full age of majority domiciled in the Parish of St. Bernard, State of Louisiana.

2.

Sun Life Assurance Company of Canada (U.S.), a wholly-owned indirect subsidiary of Sun Life Assurance Company of Canada, is a foreign business corporation incorporated under the laws of Delaware with its principal place of business in Wellesley Hills, Massachusetts which is licensed to do and doing business in the State of Louisiana.

```
Fee $150
Process
X  Dktd
   CtRmDep
   Doc No
```

## JURISDICTION

3.

This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. sec. 1131 (A)(1)(B), as hereinafter more fully appears.

## GENERAL ALLEGATIONS

4.

In 1995, Petitioner was an employee of Louisiana State University, who provided Long Term Disability insurance to its employees underwritten by defendant, Sun Life Assurance Company of Canada.

5.

On or about May 4, 1995, petitioner filed a claim for Long Term Disability based upon her medical diagnosis of Spasmodic Torticollis, a chronic incurable neurological disease aggravated by stress, Clinical Depression and Dependent Personality Disorder.

6.

On or about August 20, 1995, defendant awarded petitioner Long Term Disability benefits based upon her medical diagnosis of Spasmodic Torticollis, a chronic incurable neurological disease aggravated by stress, Clinical Depression and Dependent Personality Disorder and commenced monthly benefits of ONE THOUSAND THREE HUNDRED FOURTEEN DOLLARS AND FIVE CENTS ($1,314.05).

7.

Sun Life Assurance Company of Canada continued to provide disability benefits to petitioner for nineteen (19) months, until January, 1997, when it discontinued benefits pending the receipt of additional medical records.

8.

In June 27, 1997, Sun Life Assurance Company of Canada denied petitioner's disability claim alleging that petitioner is not neurologically disabled, she has no prolonged neurological disability, and she does not require treatment.

9.

On July 23, 1997, petitioner appealed defendant's decision and provided medical documentation from her neurologist, Dr. Bruce Lepler, and her therapist, Anne Teachworth both of whom opined that petitioner continued to be disabled.

10.

Despite specific documentation contained in the claim file evidencing petitioner's continued and permanent disability from Spasmodic Torticollis, a chronic incurable neurological disease aggravated by stress, continued Clinical Depression and Dependent Personality Disorder, Sun Life Assurance Company of Canada requested additional proof from petitioner.

11.

Petitioner became overwhelmed, distraught, and hopeless.  Petitioner fell victim to her

depression.

12.

There was no additional activity on petitioner's disability claim until January 24, 2004, when petitioner sent correspondence to defendant requesting that her Long Term Disability Claim be reviewed.

13.

On February 9, 2004, Sun Life Assurance Company of Canada denied petitioner's request for reconsideration and advised her that her administrative remedies have now been exhausted.

14.

Petitioner has applied for the benefits due her under the policy, has exhausted her administrative remedies, but the defendants have denied her claim. Defendant's refusal to pay benefits due under the policy constitute an abuse of its discretion. Further, defendant's refusal to pay benefits due under the policy constitute an arbitrary, capricious, and unreasonable denial of benefits.

15.

Petitioner is entitled to recover from defendant all benefits due her since January, 1997.

16.

Petitioner is also entitled to recover from defendants reasonable attorney's fees and penalties.

**PRAYER**

WHEREFORE, after due proceedings be had, petitioner, Sallyann J. Armel, respectfully

prays that the defendant be cited to appear and answer this complaint, and that after due proceedings be had, for judgment in her favor and against defendant, Sun Life Assurance Company of Canada, for all benefits due her under the disability insurance policy, for future benefits for the duration of her disability, for reasonable attorney's fees, penalties provided by law, for all costs of these proceedings, for pre-judgment interest on all amounts due from the date of last payment and legal interest on all amounts from date of judicial demand until paid, and for all just and equitable relief.

Respectfully Submitted:

_____
ZARA ZERINGUE (22901)(TA)
110 Veterans Boulevard, Suite 360
Metairie, Louisiana 70005-4930
Telephone: (504) 833-1230
Facsimile: (504) 836-2860
Counsel for Petitioner