UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SALLYANN J. ARMEL                                    CIVIL ACTION

VERSUS                                               NO. 05-0327

SUN LIFE ASSURANCE COMPANY OF                        SECTION "T"(3)
CANADA


        Before the Court is a Motion for Summary Judgment [Doc. 25] filed on behalf of

Defendant, Sun Life Assurance Company of Canada.  This matter was submitted for the Court's

consideration with oral argument on March 22, 2006.   The Court, having reviewed the

arguments of counsel, the Court record, the law and applicable jurisprudence, is fully advised in

the premises and ready to rule.

                                 **ORDER AND REASONS**

I.      **BACKGROUND**

        In May 1995, Plaintiff stopped working due to spasmodic torticollis, depression, and

personality disorder.   In July 1995, Plaintiff filed for long term disability (LTD) benefits under a

policy issued by Sun Life Assurance Company of Canada ("Sun Life").  Sun Life paid Plaintiff

disability benefits of  $1,314.05 per month from the end of the Elimination Period on August 20,

1995 until January 31, 1997.

                                              1

In 1995, Plaintiff's neurologist, Dr. Lepler, stated that the spasmodic torticollis interfered with her job performance.  In 1996, Plaintiff's therapist, Ms. Teachworth, claimed that her primary disabling condition was the torticollis, not the depression or the personality disorder, but her torticollis was aggravated by stress.   In February 1996, Sun Life referred Plaintiff's file to a neuropsychiatrist, Dr. McLaughlin, for an independent medical review.  Dr. McLaughlin concluded that he needed additional information in order to render any final opinion and Sun Life sought additional medical records from Plaintiff's neurologist and therapist.  Dr. McLaughlin, then, issued a report finding that the Plaintiff was not disabled neurologically and that, while she may have been temporarily disabled by her depression and personality disorder, neither of these conditions were permanently disabling.

In a letter dated June 27, 1997, Sun Life informed the Plaintiff that she was not entitled to LTD benefits after January 31, 1997 citing Dr. McLaughlin's conclusions.  The letter also informed Plaintiff of her right to file an appeal of Sun Life's decision within 60 days.  On July 28, 1997, Sun Life received a written appeal from the Plaintiff with letters from Plaintiff's neurologist and her therapist.  On August 11, 1997, Sun informed the Plaintiff that because these letters provided no new information, Plaintiff would be required to submit objective medical evidence of her disability, including medical records.  Plaintiff was given 60 days to submit this information and she failed to so.

In January 2004, Plaintiff, again, wrote to Sun Life asking for further review of her claim alleging that her condition prevented her pursuing her claim any further in 1997.  On February 9, 2004, Sun Life informed the Plaintiff that her claim was untimely.   In February 2005, Plaintiff

filed this lawsuit under the Employment Retirement Income Security Act ("ERISA") against Sun Life.   Sun Life, then, filed this Motion for Summary Judgment asserting that Plaintiff's claim had prescribed.   The Sun Life insurance policy bars any legal action from being brought "more than 3 years after the time Proof of Claim is required."

## II.   SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), *cert. denied*, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."  Matsushita Elec. Indus. Co., 475 U.S.

at 588.  Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## III.   COURT'S ANALYSIS

The issue is whether Sun Life properly denied Plaintiff's claim for disability benefits and thus, whether the Plaintiff's cause of action accrued and is now time-barred.  While there was a formal denial in the June 27, 1997 letter, the Plaintiff subsequently sought review of this decision.  Upon requesting the appeal, Sun Life sent a letter, dated August 11, 1997, to the Plaintiff asking for additional medical evidence to support Plaintiff's disability claim within 60 days.  Plaintiff failed to produce this medical evidence and Sun Life never sent another letter formally denying the claim or the appeal.

Because ERISA does not provide a statute of limitations to govern claims for benefits, the Court must look to the state statute of limitations most analogous to the claim being advanced.  Hall v. National Gypsum Co., 105 F.3d 225, 230 (5th Cir. 1997).  Sun Life asserts and this Court agrees that Louisiana Revised Statute 22:213(A)(11) applies to this case.  The statute provides:

> Legal action: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proofs of loss have been filed in accordance with the requirements of this policy.  No such action shall be brought after the expiration of one year after the time proofs of loss are required to be filed.

La. Rev Stat. 22:213(A)(11) (2004).

Additionally, when an insurance policy specifies a contractual period, which is more

4

favorable to the insured than the one-year prescriptive period, the time for filing is governed by the time period specified in the policy.  <u>Sargent v. Louisiana Health Serv. & Indemnity Co.</u>, 550 So.2d 843, 846 (La. App. 2d Cir 1989).  The Sun Life insurance policy bars any legal action from being brought "more than 3 years after the time Proof of Claim is required."  Therefore, because the Sun Life insurance policy created a three year statute of limitation period, which is more favorable than the limit provided by the statute, Plaintiff had three years to file her action from the time proof of claim was required.   Under ERISA, a cause of action accrues when a request for benefits is denied.  <u>Hogan v. Kraft Foods</u>, 969 F.2d 142, 145 (5th Cir. 1992) (quoting <u>Paris v. Profit Sharing Plan for Employee of Howard B. Wolf, Inc.</u>, 637 F.2d 357, 361 (5th Cir. 1981).

On June 27, 1997, Plaintiff's disability benefits were formally terminated in a letter from Sun Life.  The letter stated:

> Medical evidence in our file indicates that you are no longer totally disabled from performing your regular profession....Therefore, your claim is not payable under this Policy...The decision which has been reached regarding this claim may be appealed by filing a written request for review with Sun Life of Canada for submission to Sun Life.  The request should be made within 60 days from the date of this letter and should include any medical information which may have bearing on this decision.  The claim will be given prompt and full review after which you will be advised of our decision in writing.

Subsequently, the Plaintiff appealed Sun Life's decision to terminate her benefits by sending a written appeal with letters from her neurologist and her therapist.  On August 11, 1997, Sun Life sent another letter to the Plaintiff stating:

> Please be advised that to review a file as an appeal, you must submit objective medical evidence in support of continuing total disability....In absence of such

information, an appeal review cannot be completed....Please submit such
information within 60 days of the date of this letter for further consideration of
your claim.  Upon receipt of that information, your file will be further reviewed
and you will be notified of our decision, in writing.

After receiving this letter, the Plaintiff took no further action to pursue her claim until January

2004 when she called Sun Life to inquire about her claim and then, in February 2005, when she

filed this action.

       This Court has determined that the Plaintiff's claim was formally denied in the June 27,

1997 letter, which also notified the Plaintiff of her right to appeal this denial within 60 days.   On

July 27, 1997, Plaintiff requested review of the denial.  While the Plaintiff did request an appeal,

she failed to submit the information and evidence requested by Sun Life in its August 11, 1997

letter.

       The letter from Sun Life clearly stated that "[i]n absence of such information, an appeal

review cannot be completed" and that Plaintiff should "submit such information within 60 days

for further consideration of your claim" and "[u]pon receipt of that information, your file will be

further reviewed...."  Therefore, by failing to follow the appeal procedure and provide the proper

information, Plaintiff's claim remained denied and never moved into the appeal review process.

In other words, the August 11, 1997 letter clearly made the submission of this information a

condition precedent to the further review of the Plaintiff's claim and in the absence of such

review, the Plaintiff's claim remained denied by the June 27, 1997.  As a result, Sun Life was not

required to send another denial letter.

       Consequently, the prescriptive period began to run on October 11, 1997, 60 days after

6

the August 11, 1997 letter, because no additional information had been provided in the specified

time period.   Plaintiff's claim accrued upon the finalizing of Sun Life's denial, which occurred

on October 11, 1997 because upon the arrival of that date, the Plaintiff no longer had the ability

to seek further review of her claim or to submit the additional medical information.   Thus,

Plaintiff was required to file her action by October 11, 2000.  Because Plaintiff did not properly

pursue her appeal and because she waited until February 4, 2005 to file this action, Plaintiff's

claim has prescribed.

       Accordingly,

       **IT IS ORDERED** that the Motion for Summary Judgment, filed on behalf of the

Defendant, **SUN LIFE  ASSURANCE COMPANY OF CANADA,** be and the same is hereby

**GRANTED.**

       New Orleans, Louisiana, this 11th day of April, 2006.

                              G. THOMAS PORTEOUS, JR.
                          **UNITED STATES DISTRICT JUDGE**